UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAMELA VALDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TEXAS DEPARTMENT OF FAMILY AND )<br>PROTECTIVE SERVICES, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 5:14-1056-RCL |

## MEMORANDUM AND ORDER

Magistrate Judge John W. Primono has recommended that this case be dismissed without prejudice on grounds of immunity and failure to state a claim. *See* Mem. and Recommendation, March 13, 2015, ECF No. 16. Plaintiff Pamela Valdez filed written objections to the memorandum and recommendation on March 24, 2015. Pl.'s Specific Written Objections, ECF No. 21. Valdez has also filed pending motions to appoint counsel and for reconsideration. ECF Nos. 4, 15. For the reasons that follow, the Court concludes that this case shall be dismissed and Valdez's pending motions shall be denied.

### I. BACKGROUND

The current complaint alleges claims for damages arising under 42 U.S.C. § 1983 against defendants Texas Department of Family and Protective Services ("TDFPS"), Roberta Mansell a.k.a. Roberta Frost, and James Frost (the "Frosts"). Pl.'s First Am. Compl., ECF No. 13. Magistrate Judge Primono has set forth the apparent factual predicate for the case as follows:

> Plaintiff brings this suit, challenging a child-custody proceeding in Texas state court. Although not entirely clear, it appears that plaintiff's parental rights to

1

> her two minor children were terminated on July 13, 2012, and that these children were then adopted by the Frosts, with the "assistance" of the [TDFPS] on December 27, 2012. On December 4, 2014, plaintiff initiated this suit against the TDFPS, Roberta Mansell, a/k/a Roberta Frost, and James Frost, who served as foster parents to plaintiff's children prior to their adoption.

Mem. and Recommendation and Order at 2, Jan. 15, 2015, ECF No. 7 (internal citations omitted).

Valdez filed motions to proceed *in forma pauperis*, to appoint counsel, and to set aside the termination of her parental rights. ECF Nos. 1, 2, 4. The case was referred to Magistrate Judge Primono, who granted the motion to proceed *in forma pauperis* and recommended dismissal for lack of subject matter jurisdiction. *See* Mem. and Recommendation and Order at 1, 9, Jan. 15, 2015. He concluded that the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine both precluded the Court from setting aside the child custody determination at the heart of Valdez's complaint. *Id.* at 8–9.

Valdez subsequently filed an amended complaint, refashioning her case as one for monetary damages under section 1983. *See* Pl.'s First Am. Compl. In light of this filing, Judge Rodriguez recommitted the case to Magistrate Judge Primono for reconsideration of the recommendation to dismiss for lack of subject matter jurisdiction. Order, Feb. 12, 2015, ECF No. 14.[1] Magistrate Judge Primono recommended dismissal without prejudice based on grounds of Eleventh Amendment immunity as to TDFPS and failure to state a claim as to the Frosts. Mem. and Recommendation at 8–10, March 13, 2015.

## II. STANDARD OF REVIEW

A district court shall conduct a *de novo* review of those portions of a magistrate judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Those

---

[1] On March 2, 2015, Valdez filed a "motion for reconsideration of dismissal of plaintiff's first amended petition for damages under 42 U.S.C. § 1983." ECF No. 15. The Court understands this motion as based on a misinterpretation of Judge Rodriguez's order of February 12, 2015, namely that Judge Rodriguez dismissed Valdez's amended complaint. He did not. Therefore, the Court will deny this motion as moot.

portions to which there has been no objection are subject to plain error review. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). The Court notes that it has, nonetheless, conducted a *de novo* review of the entire memorandum and recommendation.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Mem. and Recommendation and Order at 1, Jan. 15, 2015 (granting motion to proceed *in forma pauperis*). Under section 1915, the court is obligated to dismiss a case brought *in forma pauperis* at any time if it determines that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the former ground for dismissal, failure to state a claim, Fed. R. Civ. P. 8(a) requires that a complaint "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the plaintiff must plead sufficient factual content that allows a court to draw a "reasonable inference" of liability. *Id.* While the plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully," she need not show a probability that such unlawful conduct occurred. *Id.* A court must accept as true all factual allegations in the complaint. *Id.* at 678. This includes those which may be "doubtful in fact." *Twombly*, 550 U.S. at 555. On the other hand, the Court need not accord the same deference to legal conclusions stated in the complaint. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Magistrate Judge Primono recommended dismissal of TDFPS on the ground of Eleventh Amendment immunity. The Court agrees that, absent a waiver of sovereign immunity, a section 1983 suit may not be maintained against an agency of the state of Texas because the Eleventh Amendment recognizes immunity from citizen suits for states and their agencies. *Puerto Rico*

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that suits against states and state agencies "are barred regardless of the relief sought"); *Quern v. Jordan*, 440 U.S. 332, 342–45 (1979) (holding that section 1983 does not override the states' Eleventh Amendment immunity). Texas has not waived immunity as to the TDFPS, which is indisputably a state agency. *Thomas v. Texas Dep't of Family & Protective Servs.*, 427 F. App'x 309, 312–13 (5th Cir. 2011) (unpublished op.) (per curiam) (citing *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990)). On this basis, Valdez's complaint as to TDFPS shall be dismissed.

Magistrate Judge Primono has also recommended dismissal of the Frosts. A defendant may only be liable for a claim arising under section 1983 if his or her actions were taken under color of law. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Valdez does not allege that the Frosts are government employees or officers. Therefore, as private individuals, the Frosts may only be liable under section 1983 if they were "willful participant[s] in joint activity with the State or its agents." *Id.* (internal citation and quotation marks omitted). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.*

The amended complaint contains no allegations of specific conduct of any kind by the Frosts. As a result, Valdez has failed to allege that the Frosts acted under color of law and, therefore, has failed to state a claim under section 1983 against them.

The Court notes that in her written objections, Valdez makes references to a conspiracy between two employees at TDFPS and the Frosts. Specific Written Objections ¶ 3. She alleges that the Frosts and employees at TDFPS conspired in terminating her parental rights despite their knowledge that she was not a drug addict. *Id.* The Court may not consider allegations outside of the complaint, however, in evaluating whether Valdez has stated a claim. *See Cevallos v. Silva*,

4

541 F. App'x 390, 393–94 (5th Cir. 2013) (unpublished op.) (per curiam) (citing *Twombly*, 550 U.S. at 555); *Schneider v. California Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

The Court has carefully reviewed the amended complaint and the applicable legal authorities and for the foregoing reasons adopts the recommendation of Magistrate Judge Primono to dismiss this case.

The Court also concludes that the motion to appoint counsel shall be denied. A court should only appoint counsel to represent an indigent plaintiff in a section 1983 suit when the case "presents exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982) (per curiam). This case does not present such exceptional circumstances for the simple reason that Valdez has failed to state a claim for which relief may be granted. Appointment of counsel in such a circumstance would be inappropriate. *See Hinojoza v. LaFavers*, No. A-14-CA-324-SS, 2014 WL 2808782, at *3 (W.D. Tex. June 20, 2014).

In light of the foregoing, it is hereby

**ORDERED** that the motion [ECF No. 15] for reconsideration is **DENIED** as moot; and it is further

**ORDERED** that Magistrate Judge Primono's Memorandum and Recommendation signed March 13, 2015 [ECF No. 16] is **ADOPTED**; and it is further

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted and because defendant TDFPS is entitled to Eleventh Amendment immunity; and it is further

**ORDERED** that plaintiff's motion [ECF No. 4] to appoint counsel is **DENIED**.

It is **SO ORDERED** this ___15th___ day of July 2015.

*/s/ Royce C. Lamberth*
ROYCE C. LAMBERTH
United States District Judge